David Gofstein, Defendant.

Docket No. 01–7294.

United States Court of Appeals, Second Circuit.

April 16, 2002.

Howard H. BLIGH, Plaintiff–
Appellant,

v.

TOWN OF BLOOMFIELD and Louie Chapman, In his individual and official capacities, Defendants–Appellees,

**574**

James S. Brewer, West Hartford, CT, for Appellant.

John B. Farley, Halloran & Sage LLP, (James M. Sconzo, Ralph W. Johnson, III, Stephen H. Broer, on the brief), Hartford, CT, for Appellees.

Present OAKES, MESKILL and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, affirmed.

The plaintiff appeals from an order of the district court entering summary judgment for the defendant on his claims under 42 U.S.C. § 1983 and state law in which he alleges that the defendants violated his right to due process under the Fourteenth Amendment, intentionally inflicted emotional distress, and defamed him. The district court held that the plaintiff failed to create a triable issue of fact in support of his Fourteenth Amendment claims, and the plaintiff conceded that he failed to create a triable issue of fact supporting his state-law claims. The district court also found that the plaintiffs' claims are barred under the terms of a resignation agreement he entered into with the Town of Bloomfeld. The plaintiff now appeals the district court's ruling regarding his constitutional claims and the validity of the resignation agreement.

The plaintiff alleges that the defendants violated his right to procedural due process by dismissing him on false charges. The plaintiff concedes that he proffered no evidence at summary judgment to establish dissemination of false allegations. Instead, he asserts that dissemination is established by an email he first attempted to introduce into evidence in support of his motion for relief from judgment. However, the plaintiff appeals only from the district court's summary judgment decision, to which evidence of the email is irrelevant. The district court's summary judgment regarding the plaintiff's claim alleging false charges was thus correct.

■ The plaintiff also alleges that the defendants violated his right to procedural due process by failing to give him a pre-termination hearing. However, the plaintiff resigned rather than being terminated from his position with the Town, and thus the state owes him only a post-deprivation hearing. *See Giglio v. Dunn,* 732 F.2d 1133, 1135 (2d Cir.1984). Because the plaintiff does not challenge the adequacy of the state's post-deprivation remedies, this second due process claim also fails.

■ The plaintiff next alleges that he was denied equal protection because, unlike other town employees, he was threatened with arrest if he did not resign, he was not provided with an opportunity to negotiate the terms of his resignation, and he was forced to resign based on impermissible motives. As the district court concluded, the plaintiff has failed to allege that any other employees were similarly situated in the sense that they were facing criminal charges.

In addition, no evidence indicates that the plaintiff sought to negotiate the terms of resignation, or that he would have been denied this opportunity. The plaintiff was allowed to confer with his lawyer, on whose recommendation he acted when he signed the agreement. Finally, the plaintiff's allegation that he was forced to resign because the Town wished to avoid

paying him workers' compensation is supported by only speculative and conclusory statements. Summary judgment against the plaintiff on his equal protection claims was proper.

We do not consider the merits of the plaintiff's substantive due process claim because he failed to raise it before the district court. *See United States v. Liebman,* 40 F.3d 544, 551 (2d Cir.1994). And because we hold that the plaintiff failed to proffer factual support for his underlying constitutional claims, we do not reach the question whether those claims are also barred by his resignation agreement.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.